United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mark A. Person, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-20162-Civ-Scola |
| | ) |
| Florida Department of Financial | ) |
| Services, and others, Defendants. | ) |

### Order Granting in Part and Denying in Part Motion to Dismiss

Pro se Plaintiff Mark A. Person brings this action against Defendants Florida Department of Financial Services, Jeremy Lewand, and Amelia Spears for violations of the Fourteenth Amendment of the United States Constitution. (ECF No. 1.) The Defendants have moved to dismiss this action as a shotgun pleading and for failure to state a claim. (ECF No. 12.) The Plaintiff opposes the relief (ECF No. 13) and the Defendants timely replied. (ECF No. 14.) The Plaintiff filed an unauthorized sur-reply. (ECF No. 18.) After careful consideration, the Court **grants in part and denies in part** the Defendants' motion to dismiss **(ECF No. 12)** and affords the Plaintiff leave to amend his complaint.

1. **Background**

The Plaintiff filed the complaint on January 14, 2021 using the civil complaint form available on the Court's website. (ECF No. 1.) The complaint alleges that the Court has federal question jurisdiction because the Plaintiff's claim involves violations of the Fourteenth Amendment. (ECF No. 1 at 3.) The Plaintiff alleges "The Defendants engaged in discriminatory practices when I applied for licensure with the department. Upon complaining, the defendant retaliated against me breaching federal laws sanctioned by the [Equal Employment Opportunity Commission] ("EEOC") and Equal Employment Opportunity Act." (*Id.*) Under the section titled "Statement of Claim," the Plaintiff alleges that due to the Defendants' negligence he has suffered financial damages, including losses of over $30,000 and becoming homeless, and mental anguish. (*Id.* at 4.) The Plaintiff seeks $1,000,000 in damages and payment of a $1,500 fee the Defendants sought before issuing a license. (*Id.*)

The Defendants move to dismiss the complaint arguing that the Plaintiff has failed to establish federal question jurisdiction and has violated Rules 8 and 12 of the Rules of Civil Procedure. (ECF No. 12.) The Plaintiff opposes the motion, chiefly arguing that he has obtained a right to sue letter from the

EEOC and attaches 30 pages of documents related to an EEOC charge. (ECF Nos. 13, 13-1.) The Plaintiff also filed a sur-reply, without leave from court, setting forth additional facts: That the Plaintiff applied for an insurance broker license, that his application was denied on several occasions due to deficiencies in the application(s), prior criminal history, and failure to pay a fee. (ECF No. 18 at 1.) The Plaintiff also references a request to cure his application and indicates that he provided all the necessary information.

## 2. Legal Standard

A court has the discretion to dismiss a complaint for failure to comply with the pleading rules. *Heard v. Nix*, 170 F. App'x 618, 619-20 (11th Cir. 2006). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A typical shotgun pleading contains several counts, each one incorporating by reference the allegations of its predecessor or does not separate each cause of action or claim for relief into separate counts. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnotes omitted). Such a complaint creates a situation where most of the counts contain irrelevant factual allegations and legal conclusions, leaving the court to sift through irrelevancies to determine the sufficiency of a claim. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

"A pro se litigant's pleadings must be construed more liberally than those pleadings drafted by attorneys." *Jarzynka v. St. Thomas Univ. of Law,* 310 F.Supp.2d 1256, 1264 (S.D. Fla. 2004) (Lenard, J.); *see also Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990) ("In the case of a pro se action ... the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers"). Even so, "this leniency does not give a court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (citations omitted). "The Court cannot be forced to speculate on what someone is complaining about." *Shillingford v. Rolly Marine Serv., Inc.*, No. 14-CIV-61936, 2014 WL 6682477, at *2 (S.D. Fla. Nov. 25, 2014) (Bloom, J.) (internal quotations omitted).

### 3. Analysis

The complaint is undoubtedly a shotgun pleading as it is lacking *any* facts to put the Defendants on notice of the claims against them or provide the Court with sufficient facts to decide the case on its merits. Critically, the complaint is silent as to what actions by each Defendant give rise to his claims and does not explain what conduct he alleges is discriminatory. The complaint also lacks facts regarding what type of license he applied for, the date he applied and was rejected, the alleged basis for rejection, or the findings of the EEOC (if any). The Plaintiff's sur-reply provides additional facts regarding his application and denial of same, which likewise fail to state a claim. For example, the Plaintiff indicates that he was asked to cure deficiencies in his application and that he did so, but does not explain what the deficiencies were, who identified them, and how he cured the defects. Additionally, the Plaintiff was asked to pay a fee, which he claims was extortion because he was qualified for the license. However, the Plaintiff has not explained the qualifications for that license, how he meets those qualifications, and why he was asked to pay a fee. Lastly the sur-reply also fails to set forth what actions by each Defendant the Plaintiff claims were discriminatory and on what basis. In sum, none of the Plaintiff's filings put the Defendants on notice of the facts that make up the claims against them. Accordingly, the complaint must be dismissed.

The Defendants request that the Court dismiss the complaint with prejudice because any amendment would be futile because the Defendants are shielded by Eleventh Amendment immunity and qualified immunity. However, because the operative complaint has not set forth facts regarding the Defendants' purported misconduct, the Court is unable to determine at this time whether they were acting in their official capacities and even if they were, whether they are immune from the Plaintiff's claims or whether their alleged conduct falls within a limited exception to both types of immunity. Accordingly, the Plaintiff will be afforded leave to amend his complaint.

### 4. Conclusion

For these reasons, the Defendants' motion to dismiss is **granted in part and denied in part**. (ECF No. 12.) The Plaintiff is afforded leave to amend the complaint to cure the deficiencies identified in this Court's order and consistent with the Civil Rules of Procedure. The amended complaint is due by no later than **July 16, 2021**. The Plaintiff is cautioned that a failure to file the amended complaint by this date or to address the issues identified in this order may result in dismissal with prejudice of this action.

**Done and ordered** in Miami, Florida, on June 16, 2021.

Robert N. Scola, Jr.
United States District Judge

Copies furnished to:
Counsel of record

Pro se Plaintiff Mark A. Persons
9825 NE 2nd Avenue
Suite 531276
Miami, FL 33153