United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mark A. Person, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-20162-Civ-Scola |
| | ) |
| Florida Department of Financial | ) |
| Services, and others, Defendants. | ) |

## Order Granting Motion to Dismiss

Pro se Plaintiff Mark A. Person brings this action against Defendants Florida Department of Financial Services, Jeremy Lewand, and Amelia Spears for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Am. Coml., ECF No. 20.) The Defendants have moved to dismiss this action for failure to state a claim. (Mot., ECF No. 21.) The Plaintiff filed a response in opposition (Resp. in Opp'n, ECF No. 22) and the Defendants timely replied. (Reply, ECF No. 23.) After careful consideration, the Court **grants** the Defendants' motion to dismiss **(ECF No. 21)**.

### 1. Background

The Plaintiff filed his complaint on January 14, 2021 alleging violations of the Fourteenth Amendment. (Compl., ECF No. 1 at 3.) The Court dismissed the complaint for failure to state a claim and afforded the Plaintiff leave to amend the complaint. (Order, ECF No. 19.)

In the operative amended complaint, the Plaintiff alleges that the Defendants violated Title VII of the Civil Rights Act by denying his application for an insurance broker license on the basis of his race. (See generally Am. Compl., ECF No. 20.) On September 25, 2021, the Plaintiff applied to the Department of Financial Services (the "Department") for a "T-2 Resident Life including Annuities and Variables Insurance Brokers License." (Am. Coml., ECF No. 20 at ¶ 10.) Five days later, the Department issued a letter stating that there were some deficiencies in his application regarding some past criminal proceedings. (*Id.* at ¶ 11.) Specifically, in his application the Plaintiff denied having any pending criminal actions against him. (*Id.* at ¶ 12.) However, court records showed that there was a criminal case against him for driving with a suspended license. The Plaintiff submitted copies of court records, disposition of the case, and provided an explanation for the oversight. (*Id.* at ¶ 13.)  On October 26, 2020, the Plaintiff spoke to Defendant Amelia Spears, an employee for the Department, who advised the Plaintiff that he needed to pay $1,500

application fee to amend his application or withdraw his application and wait one year before reapplying. (*Id.* at ¶ 21.) On November 9, 2020, the Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 26.) The EEOC issued a letter of determination noting that it had been unable to determine whether the Defendants had violated any laws. (EEOC Determination Letter, ECF No. 20-1 at 9.) On November 19, 2019 the Department issued its final denial of the Plaintiff's application. (*Id.* at ¶ 27.) The Plaintiff believes the Defendants discriminated against him on the basis of race. (*Id.* at ¶ 36.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge" under Title VII. 42 U.S.C. § 2000e–3(a); *see Underwood v. Dep't of Fin. Servs. State of Fla.*, 518 F. App'x 637, 641 (11th Cir. 2013) (citing *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173, 131 S. Ct. 863, 867, 178 L. Ed. 2d 694 (2011)). Although Title VII covers a broad range of employer conduct, the Act requires that the misconduct at issue be aimed at an actual employee who was discriminated or retaliated against. *Id.* at 643. (affirming summary judgment in favor of the Department of Financial Services in a Title VII case because the plaintiff alleged that his wife, another employee, was retaliated against for partaking in protected activities.) Here, the amended

complaint does not allege that the Plaintiff was an employee of the Department when his application was denied. It appears that he was simply applying to the agency charged with issuing insurance brokerage licenses so that he may find or continue employment elsewhere. Moreover, the complaint fails to allege any facts that indicate that the Plaintiff's application was denied on the basis of his race. On the contrary, the complaint alleges that his application was denied because he failed to report prior criminal proceedings and failed to pay an application fee. This does not rise to racial discrimination under Title VII.

### 4. Conclusion

For these reasons, the Court **grants** the Defendants' motion to dismiss. Even liberally construing the Plaintiff's claims in his original and amended complaints, the Court finds that his claims are unintelligible and thus, the complaint is due to be dismissed with prejudice. *Strober v. Payless Rental Car*, 701 F. App'x 911, 913 (11th Cir. 2017). The Court directs the Clerk of the Court to **close** this case and deny all pending motions as moot.

**Done and ordered** in Miami, Florida, on November 19, 2021.

Robert N. Scola, Jr.
United States District Judge

Copies furnished to:
Counsel of record

Pro se Plaintiff Mark A. Persons
9825 NE 2nd Avenue
Suite 531276
Miami, FL 33153